UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| WINFRED OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01273-MMM |
| | ) | |
| GUY PIERCE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff is proceeding *pro se* on a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Pontiac Correctional Center.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**ALLEGATIONS**

1

Plaintiff names as Defendants Internal Affairs Officer Jeffrey Gabor, Adjustment Committee Chairperson Donald Gish, Adjustment Committee Co-Chairperson Joseph Torrez-Brady, Warden Guy Pierce, Grievance Officer Patrick Hastings, Administrative Review Board Member Sherry Benton, and former IDOC Director Michael Randle.

Plaintiff was disciplined with a year in segregation pursuant to, he asserts, flawed disciplinary proceedings that occurred in 2009 and 2010 at Pontiac. Plaintiff diligently pursued his state law remedies and on June 13, 2024, prevailed, with the Illinois Appellate Court determining that his due process rights were violated and quashing the disciplinary findings against him. This suit follows.

## ANALYSIS

"When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation like suicide watch or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (holding that the plaintiff's six months and one day in disciplinary segregation did not implicate liberty interest because he was allowed yard time and weekly showers and was not deprived of all human contact or sensory stimuli); *see also Singh v. Gegare*, 651 F. App'x 551, 555 (7th Cir. 2016) (concluding that the plaintiff's 105 days in disciplinary segregation did not implicate liberty interest because "he was permitted several hours

of yard time and several showers each week, as well as authorized to leave his cell for visits and appointments").

Here, Plaintiff's allegation of a full year in disciplinary segregation are enough to state a plausible denial of a protected liberty interest.

And his allegations that Defendants Internal Affairs Officer Jeffrey Gabor, Adjustment Committee Chairperson Donald Gish, and Adjustment Committee Co-Chairperson Josheph Torrez-Brady violated his due process rights are plausible considering the fact that he prevailed on those claims – albeit against IDOC generally rather than these individual Defendants – based on the individual Defendants alleged conduct.

Plaintiff's allegation against Warden Guy Pierce, Grievance Officer Patrick Hastings, Administrative Review Board Member Sherry Benton, and former IDOC Director Michael Randle do not state a claim. These Defendants were solely involved in the denial of Plaintiff's grievances related to these matters. And that involvement does not subject them to suit for others' underlying alleged misconduct. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008).

IT IS THEREFORE ORDERED:

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a Fourteenth Amendment due process claim against Defendants Internal Affairs Officer Jeffrey Gabor, Adjustment Committee Chairperson Donald Gish, and Adjustment Committee Co-Chairperson Joseph Torrez-Brady. All other Defendants to be dismissed. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of

   a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

9. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 27th day of February, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE